## HOLT v. FORD.
### No. 3477.

Court of Civil Appeals of Texas. Amarillo.
Nov. 19, 1930.

Rehearing Denied Jan. 7, 1931.

Sanders & Scott, of Amarillo, for appellant.

O. E. Nelson, of Wichita Falls, for appellee.

### JACKSON, J.

This suit was instituted in the district court of Wheeler county, Tex., by D. E. Holt against F. G. Ford to recover a debt of $11,644.47, a balance, evidenced by three notes executed by the defendant and payable to plaintiff at Wheeler, Tex., and to foreclose an alleged lien given on certain land fully described, to secure the payment of said debt.

Plaintiff alleged:

That the first note for the principal sum of $12,550.47, dated January 31, 1927, was entitled to credits amounting to $906. That the second note was for the principal sum of $112.39, dated February 8, 1928, and the third note was for the principal sum of $209.42, dated January 11, 1929. That each of said notes provided for 10 per cent. interest and 10 per cent. attorney's fees, and was past due.

That the first note was a renewal of former notes given from time to time, and on or about October 15, 1923, the defendant and his wife executed to plaintiff a general warranty deed to certain lands in Wichita county, Tex., which he fully describes, and which we will call the Wichita county land, but that by mutual agreement said deed was not intended as a conveyance, but was intended as a mortgage or deed of trust lien on said land to secure the payment of said first note. That the second and third notes evidenced money advanced by plaintiff to the defendant to pay the annual taxes on the Wichita county land upon the promise and agreement of the defendant that such advancements should be a charge against said land and plaintiff sub-

rogated to the rights of the tax lien and said notes in addition thereto secured by the general warranty deed along with the other indebtedness owed by the defendant to the plaintiff.

That, at the time the deed was executed, it was agreed that the Wichita county land would be subdivided into small tracts. That the defendant should sell such tracts to purchasers to whom the plaintiff would execute deeds, and that the cash and notes received for such smaller tracts should be applied to the payment of the defendant's indebtedness to plaintiff. That said lands were subdivided and certain tracts thereof sold, and the vendor's lien notes received for said tracts were deposited with plaintiff as collateral security for his indebtedness. That certain other tracts remained unsold. The tracts, both sold and unsold, were described in detail.

That the defendant had deposited with plaintiff six certain vendor's lien notes known as the Stephenson notes, which he describes in detail, for the aggregate sum of $6,160.75, as additional security for the notes sued on.

Plaintiff sought judgment for his debt, interest, and attorney fees, a foreclosure of his alleged lien on the unsold tracts of the Wichita county land, and that the Stephenson vendor's lien notes be ordered sold as under execution and the proceeds applied to the payment of plaintiff's debt.

The defendant answered by general demurrer, numerous special exceptions, and general denial. He also pleaded a failure of consideration on the first note to the extent of $2,533.44; admitted the execution of the deed to plaintiff to the Wichita county land, but denied that the deed constituted a lien against said land, and denied that it was the intention of himself or of plaintiff that the deed should constitute a lien for the payment of his debt to plaintiff, or that the Wichita county land should be held as security therefor.

He also pleaded payment of the notes sued on, alleging:

That plaintiff was the owner of what the defendant designates as the Kelly land and the south one-half of section 7, which land he describes as sections 19, 20, 32, the south one-half of 7, the west 330 acres of 33, the east 160 acres of 33, and the west one-half of 31, situated in Wheeler county, Tex., and which we will hereafter call the Wheeler county land. That in September, 1924, the plaintiff and defendant entered into an agreement by the terms of which the defendant was employed to advertise the Wheeler county land for sale and attempt to interest people in the purchase thereof. That he was to bring or send prospective purchasers to inspect the Wheeler county land. That plaintiff agreed to accept $15 per acre net for said

land, and that all cash and notes in excess of $15 per acre should be divided equally between the plaintiff and defendant. That all cash and notes accruing to defendant by virtue of such agreement was to be credited by plaintiff on the note or notes owed to him by the defendant. That, in pursuance to such agreement, the defendant advertised the Wheeler county lands for sale, took and sent prospective purchasers to the plaintiff, who, under and by virtue of such agreement, sold lands covered by the agreement for which he received in cash and notes $19,632.50 in excess of $15 per acre, and that the defendant was entitled to a credit upon his notes of one-half of $19,632.50.

That in 1919 the defendant sold the north one-half of section 21, block 84, in Wheeler county, to H. G. Blackstock, and accepted certain vendor's lien notes against the land. That he sold said notes and indorsed them to plaintiff. That Blackstock defaulted in the payment of said notes, and by agreement between plaintiff and defendant Blackstock was released from his liability on the notes in consideration of his reconveying said land to the plaintiff, who agreed that, if said land was later sold, he would pay the defendant one-half of the amount realized therefor over and above the indebtedness against the land at the time of the reconveyance by Blackstock to plaintiff. That such indebtedness was $6,000, all of which was paid by the plaintiff. That in 1929 the plaintiff sold the Blackstock land for $8,800, made a net profit of $2,800, and was thereby liable to pay to defendant one-half thereof, or $1,400. That, by reason of the facts alleged, the defendant has fully paid off and discharged all of his indebtedness to the plaintiff.

The plaintiff, by a supplemental petition, pleaded general denial.

In response to special issues submitted by the court, the jury found that on January 31, 1927, the defendant owed plaintiff $12,550.47; that the deed from the defendant and his wife to plaintiff conveying the Wichita county land was not intended by the parties to be a lien to secure the defendant's indebtedness to plaintiff; that the plaintiff and defendant agreed that, if the Wheeler county lands were sold for more than $15 per acre, the excess was to be divided equally between plaintiff and defendant; that said lands were sold for more than $15 per acre, and that such excess amounted to $18,032.50; that the plaintiff agreed to credit the defendant with one-half of the excess so received in cash and notes on defendant's indebtedness to plaintiff; that it was agreed between plaintiff and the defendant that the defendant should have one-half of the amount that plaintiff should receive for the Blackstock land over and above the indebtedness against said land; that the plaintiff received over and above the indebted-

ness against the Blackstock land $2,800. On these findings the court adjudged that the defendant was entitled to recover one-half of the profits in excess of $15 per acre for which the Wheeler county land had been sold and one-half of the profit made on the Blackstock land, deducted these amounts from the indebtedness due by the defendant to plaintiff, and entered personal judgment against the defendant for the sum of $3,541.61 in favor of the plaintiff; adjudged plaintiff to be the owner of the Stephenson notes, but denied plaintiff a foreclosure of his alleged liens against the unsold part of the Wichita county lands to secure the payment of his indebtedness, from which judgment the plaintiff prosecutes this appeal.

The appellant, by several assignments which we will consider together, challenges the action of the court in decreeing that the deed from appellee to appellant covering the Wichita county land, did not constitute a lien to secure appellant's notes, because the testimony was not sufficient to authorize the court to submit such issue and was not sufficient to support the finding of the jury that such deed was not intended as a mortgage lien.

The record shows that appellee, in March, 1920, purchased at execution sale a section of land in Gray county, Tex.; that he borrowed $15,750 from appellant to pay for said land; that in January, 1921, he gave appellant a deed of trust on the Gray county section to secure the payment of said sum of money; that appellee later entered into negotiations for the exchange of the Gray county section for the Wichita county land; that, in order to make the exchange, it was necessary for him to secure a release from appellant of the deed of trust lien on the Gray county section; that he wrote appellant, requesting such release, and advised him that he would give appellant either a deed or deed of trust on the Wichita county land, whichever was most convenient, by the time the exchange was consummated; that appellant released the Gray county section at the time the exchange was completed, and the appellee executed to appellant a deed of trust on the Wichita county land, securing appellant's notes; that the Wichita county land was subdivided into smaller tracts, some of which were sold, and the notes taken against such smaller tracts for the deferred payments were delivered to appellant as collateral security; that, about forty days after the deed of trust was given, the parties decided it would be better if appellee would make appellant the deed in controversy; the deed was made, and the deed of trust released; that the release, among other things, recited:

"Whereas, a portion of said indebtedness to secure which said deed of trust was given, has been paid and further security for the payment of the balance thereof has been agreed upon and furnished to the undersigned D. E. Holt."

The appellee testified that he had sold some of the tracts into which the Wichita county land had been subdivided, taken vendor's lien notes evidencing the deferred payments for such tracts, and delivered said notes and the deed in controversy to appellant, and that such notes and deed constituted the further security agreed upon and furnished by him to appellant in lieu of the deed of trust he had given against the Wichita county land. He also testified that it was not his intention that the deed should be a mortgage, as he made it because he apprehended litigation with some of his creditors who might try to take the land; that he was not trying to defraud his creditors by making the deed, but, if they had sued him, he "was going to swear the land belonged to Holt."

Appellant's testimony is to the effect that the deed was given and intended by the parties as a lien to secure his notes.

There are many other facts and circumstances in the record tending to show that the deed was intended as a lien, and, in our opinion, the testimony is insufficient to warrant the finding of the jury that the deed was not intended as a mortgage to secure appellant's notes. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; National Cash Register Co. et al. v. Rider (Tex. Com. App.) 24 S.W.(2d) 28; Pinkston v. West (Tex. Civ. App.) 85 S. W. 1014; Messer v. Ziegler et al. (Tex. Civ. App.) 282 S. W. 620.

The appellant, by several assignments here considered together, presents as error the action of the trial court in crediting as an offset against his notes the commissions claimed by appellee for the sale of all the Wheeler county lands, because the testimony shows that appellee did not sell and did not procure purchasers to whom appellant sold all of said lands.

The appellee pleaded that he and appellant had entered into a contract in September, 1924, by which he was employed to advertise the Wheeler county lands for sale and attempt to interest purchasers therefor; that he was to take or send prospective purchasers to Wheeler county to inspect the land; that he did advertise said lands for sale, took and sent prospective purchasers to plaintiff, who, by virtue of the agreement, sold the Wheeler county land.

In order for appellant to have sold the land under and by virtue of the alleged agreement, it was necessary for him to have sold to appellee's purchasers or prospective purchasers. The appellee alleged that what we have designated as the Wheeler county lands consisted of sections 19, 20, 32, the south one-half of 7, the west 330 acres of 33, the east 160 acres

of 33, and the west one-half of 31. The undisputed testimony shows, in fact the appellee admits, that all of the Wheeler county .lands, except two quarter sections, was sold either by appellant or some other real estate man in 1928 and 1929, and that his prospective purchasers had bought but two quarter sections of said land. Under this record, the appellee was not entitled to recover any commissions or profits on the land sold by appellant or other real estate agents independent of appellee's advertisement and activities in an effort to interest purchasers.

The appellant presents numerous other assignments attacking the charge of the court and his failure to submit to the jury the issues that constituted appellee's cause of action for his commissions or profits, but, as such alleged errors probably will not occur on another trial, we deem it unnecessary to discuss them.

The appellant also challenges as error the action of the trial court in permitting appellee to testify that he gave appellant certain property in the town of Wheeler to induce him to loan appellee the money with which he purchased the Gray county section of land at execution. This testimony was not admissible under the pleadings.

The appellant also presents as error the action of the court in permitting the appellee to testify, in effect, that he made the deed for the purpose of hindering, delaying, or defrauding his creditors, but the record discloses that appellant brought out this testimony on cross-examination, and of this he cannot complain.

What we have said, we think, disposes of the errors assigned, and the judgment is reversed and the cause remanded.